**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

# JS-6

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-01661-CJC(Ex)                          Date:  October 31, 2011

Title: <u>STELLAR PROPERTIES, INC. v. RICHARD KORINEK</u>

PRESENT:

### <u>HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE</u>

<u>Michelle Urie</u>                                    <u>   N/A   </u>
Deputy Clerk                                    Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                    None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

## Introduction & Background

On July 26, 2011, Plaintiff Stellar Properties, Inc. ("Stellar") filed the unlawful detainer action against pro se Defendant Richard Korinek and fictitious defendants in California state court.  Mr. Korinek removed this action to federal court on October 28, 2011.  For the following reasons, the Court, on its own motion, REMANDS this suit to state court because it lacks subject matter jurisdiction.

## Analysis

A civil action brought in a state court but over which a federal court may exercise original jurisdiction may be removed by the defendant to a federal district court.  28 U.S.C. § 1441(a).  However, "[a] suit may be removed to federal court under 28 U.S.C. § 1441(a) only if it could have been brought there originally."  *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987).  The burden of establishing subject matter jurisdiction falls on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  A federal court can assert subject matter jurisdiction over cases that: (1) involve questions arising under federal law; or (2) are between diverse parties and involve an amount in controversy of over $75,000.  28 U.S.C. § 1331; *id.* § 1332.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-01661-CJC(Ex)                                Date: October 31, 2011
                                                             Page 2

---

      Mr. Korinek has failed to meet his burden to establish federal question jurisdiction under 28 U.S.C. § 1331.  A cause of action arises under federal law only when a question arising under federal law appears on the face of the plaintiff's well-pleaded complaint. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).  Here, Stellar's Complaint asserts only a state law cause of action.  Additionally, a defendant may not remove a case by asserting a defense based in federal law, and "original jurisdiction is lacking even if a defense is alleged to be based exclusively on federal law." *Sullivan*, 813 F.2d at 1371. As a result, Mr. Korinek's demurrer which alleges that Stellar failed to comply with the Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220, (Def.'s Notice of Removal ¶¶ 7–10), does not provide a basis for federal question jurisdiction.  Accordingly, the court lacks federal question jurisdiction.  Mr. Korinek asserts no other basis for subject matter jurisdiction.

**Conclusion**

      For the foregoing reasons, this action is hereby REMANDED to state court.


jsk

MINUTES FORM 11
CIVIL-GEN                                            Initials of Deputy Clerk MU